SERGIO P. PONCE and CHARLES HIME v. NICHOLAS P. DEMOS,
also known as NICKY DEMOS.

31 So. (2nd) 58                                    June Term, 1947
June 24, 1947                                           Division A

G. A. *Worley* and *Jack Kehoe,* for appellants.
*Hope Root,* for appellee.

TERRELL, J.:

In June 1946, appellee deposited $2500.00 with appellants as a binder on an option contract to purchase a bar and package store. In July following, appellee filed his bill of complaint against appellants as defendants, praying for cancellation of the contract and return of the $2500.00, alleging fraud as the basis for his action. On final hearing the chancellor found for appellee, cancelled the contract and ordered return of the $2500.00. This appeal is from the final decree.

The point for determination is whether or not a bill in equity, based on fraud, is the proper remedy to cancel an option contract and require return of the down payment, absent allegations showing the lack of a full and adequate legal remedy.

It would be commonplace to announce that equity will not entertain a suggestion to cancel a contract for fraud when

the remedy by law is adequate, but the test of whether law or equity affords the most adequate remedy may be revealed by the answer to the question, which remedy will afford the most expeditious relief to the person wronged. From the facts presented it appears that the subject matter of the litigation was about to be dissipated or put out of the reach of complainant before relief by law could be affected. This and other elements may have made that course equivocal.

So, the rule that equity will not function when there is an adequate legal remedy, undoubtedly controls the clear cut unequivocal case, but in borderline cases like this, the chancellor has a broad discretion in choosing between forums. In doing so he is not to be so much concerned with refinements in pleading as he is with adopting the forum that will give aid to the party wronged. If the remedy at law is not as sensitive to the prompt administration of justice as the remedy at equity, then the latter should be adopted.

In balancing the efficacy of remedies, the chancellor is concerned with that which points the speedy course to justice, he is not to indulge in refinements of procedure while the rem goes out of the picture or flees to another jurisdiction. Whether justice is administered a la mode or carte blanche is not so material, but it is material that it be administered promptly and effectively.

From the facts and the supporting evidence, we find a basis for the decree appealed from which is hereby affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN, J., and WILLIAMS, Associate Justice, concur.