**MURRAY GLACKMAN v. CITY OF MIAMI BEACH, a municipal Corporation of the State of Florida.**

31 So. (2nd) 393                    June Term, 1947
July 25, 1947                       En Banc

J. Lewis Hall and Halley B. Lewis and Melvin J. Richard, for petitioner.

Ben Shepard, for respondent.

PER CURIAM:

Murray Glackman filed his petition in the Circuit Court, alleging that ordinance 491, as amended by ordinance 694 and other ordinances of the City of Miami Beach, is unconstitutional, arbitrary and discriminatory as applied to him and his class and denies them the equal protection of the law. He prayed for a declaratory judgment adjudicating the validity of said ordinance and his rights thereunder.

A motion by the City to dismiss the petition was granted on the theory that it prayed for relief under an ordinance which petitioner contended to be void and unenforceable and was therefore inconsistent in its content. This appeal is by certiorari from the order of dismissal under Rule 34 of the Rules of this Court.

The point for determination is whether or not the petition alleged facts sufficient to authorize a court of equity to adjudicate the rights and status of petitioner in relation to the ordinance drawn in question.

Petitioner relies on Chapter 87, Florida Statutes, 1941, sometimes known as the Declaratory Judgment Act, to support his contention. In Ready v. Safeway Rock Co. 157 Fla. 27, 24 So. (2nd) 808, we attempted to chart a course to aid the bar in applying this act. See also Caldwell v. North, 157 Fla. 52, 24 So. (2nd) 806.

Plaintiff represents that he was a licensed liquor operator within the city, and desires to open a place of business within two hundred feet of his former location and claims the right to so do which the city denied.

It appears that there is a controversy between the plaintiff and the city as to whether or not the ordinances would allow or prohibit the change of location to that desired by plaintiff, also the question of the validity of the relator's ordinances.

In our judgment petitioner brought himself within the rule announced in the cited cases so the petition for certiorari is granted, and the judgment is quashed with directions to reinstate the bill and proceed accordingly.

It is observed, however, that in fairness to the Chancellor below that the petitioner's bill fails to plead the pertinent provisions of the ordinance in such a way as clearly to pre-

378

sent his complaint to the Chancellor. It would have been better to have copied into the petition the pertinent sections from the fifteen pages of ordinances attached; and on appeal to this Court it was useless to bring the original petition and the amended bill where only the amended bill was involved in the appeal.

It is so ordered.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN, and ADAMS, JJ., BARNS and PARKS, Associate Justices, concur.