**WILLIAM HIRAM WILSON and RICHARD L. WILSON v. WAKULLA EDGEWATER CO., a Florida corporation, and LONG BEACH RESORT, INC., a Florida corporation.**

36 So. (2nd) 440                    June Term, 1948
July 16, 1948                         Division A

*Ausley, Collins & Truett,* for appellants.

*Robert M. Avent* and *Thomas Sale,* for appellees.

TERRELL, J.:

This appeal is from a decree dismissing an amended bill of complaint, the pertinent allegations being, that in 1943 C.B.F. Corporation, Gulf Villas Inc. and Gulf Homes Inc. (hereinafter referred to as the Corporations) made a contract with the Federal Housing Administration (hereinafter referred to as FHA) whereby FHA agreed to insure certain mortgages executed to Whatley, Davin and Company on 300 housing units to be constructed on lands in Bay County. The apposite condition of the contract was to install a water system adequate to serve the 300 housing units, the land on which they were constructed being undeveloped and devoid of water facilities. Contract for the water system was subject to approval by FHA but it advanced no money or assumed any obligation for such construction.

The corporations entered into contract with appellants to drill a well, construct a tank and install a complete water distribution system to supply the housing units. The consideration named was that the corporations would purchase water

from appellants during the life of the mortgage, at a rate approved by FHA and convey appellants the land upon which the well and tank were constructed. Appellants performed their part of the contract but the corporations found it necessary to, and did, dispose of all their corporate stock in said corporations to Whatley, Davin and Company, which assigned its rights therein, including the stock to appellee, Wakulla Edgewater Company. A deed was then executed to Wakulla Edgewater Company conveying the sub-division or housing units to it.

It is further alleged that while appellees had knowledge of appellants water contract they did each conspire with the other and did obstruct the passage of water from appellants pumping station into the pipes leading to the various dwelling units and did connect appellants water system with pipe line that was run from a well owned and operated by appellee, Long Beach Resort Inc., in defiance of appellants' right and have since been supplying water to said sub-division, the result being that appellants' water supply business is rendered worthless and their investment of no value, that appellees were aware of this and should in equity be required to comply with and abide by their contract and that appellee, Long Beach Resort Inc., should be prevented from interfering with them. The amended bill prayed for an accounting, that the Court determine the status of the parties and enter such injunctive order as may be necessary to protect complainants.

The chancellor treated the motion to dismiss as a motion to transfer the cause to the law side of the docket, thus dismissing the suit in equity, on the theory that it stated no ground for equitable relief, that the amended bill of complaint could not be amended to state a case for specific performance because the contract sought to be enforced "is executory and runs for an indefinite, continuing period of time, but that the allegations are sufficient to show that plaintiffs have a cause of action enforceable in a court of law."

The point for determination is whether or not the chancellor committed error in so construing the amended bill and in ordering the cause to the law side of the docket.

We are convinced that this question requires an affirmative answer. Section 63.75, Florida Statutes 1941, provides in part that if "it appears that a suit commenced in equity should have been brought as an action at law, it shall be forthwith transferred to the law court of competent jurisdiction and be there proceeded with." The general rule is that equity will not assume jurisdiction of a cause if the remedy at law is adequate but if equity affords a more complete and satisfactory remedy than an action at law the remedy in equity may be pursued. In our view equity provides the more adequate remedy in this case because of the prayer to declare the status of the parties, for an accounting, and to require performance of the contract.

The adequacy of the relief is the better test to determine when a case should be transferred from equity to the law side of the docket and a more liberal rule should govern such a test than the rule by which we test the sufficiency of the bill. In the latter case doubts as to sufficiency are construed against the pleader while in the former case doubts as to transfer should be construed in his favor. When the complainant has made out a case, his election of the forum should not be set at nought unless shown to be clearly in error.

We are also convinced that the chancellor fell into error in holding that the contract drawn in question "runs for an indefinite continuing period of time." Contracts the character of this should be read in their environment. In other words, the text and the context are important and both may be considered. The amended bill of complaint alleges that the contract extended for the life of the mortgage, which was twenty years, and the context bears this out. Protection of the mortgage was its essential purpose and it cannot be abandoned short of that time except by consent of all parties.

When Wakulla Edgewater Co. purchased the sub-division from the Corporations it took title burdened with appellants' water contract and was on notice of it. Appellees purpose to push this contract out of the picture with the ease and deftness that a fascinating face vanishes from the screen, but equity will not permit its being done that way. Free trade in goods and ideas is one of the dominant elements in a free

country like ours, but when the rights of third parties intervene they are as much interested in the trade as the first and second parties and justice requires that their rights be satisfied. Justice is not a commodity that can be bartered without heed to equal protection.

Legal remedies should keep pace with the factual complexes that precipitate them, and, as in this case, if it becomes necessary to examine the context as well as the text of a transaction, or convert the idiom of the craft into colloquial dialect, courts should not hesitate to do so. When a litigant's primary pleading reveals a cause of action, procedural law should conduct him to judgment by the shortest route possible.

For these reasons the judgment is reversed with directions to reinstate the amended bill and proceed in equity.

Reversed with directions.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.