ALLEN, Acting Chief Judge.
This is an appeal from- an order dated February 8, 1957, dismissing a suit filed by Title and Trust Company of Florida against Title Guaranty and Abstract Company of Sanford and Title and Abstract Company of Sanford, all corporations, for a declaratory decree interpreting an agency contract for the sale of title insurance, and for the appointment, without notice, of a receiver to hold certain records and files pending the suit. Plaintiff appeals, the parties being referred to herein as they stood before the lower court, except that for the sake of clarity, the defendants are sometimes referred to as follows:
Title Guaranty and Abstract Co. of Sanford — agent.
Title and Abstract Co. of Sanford— buyer.
Summarized, the complaint alleged that the plaintiff and the Title Guaranty and Abstract Co. of Sanford, agent, entered into a contract whereby agent was to accept applications for, process and write policies of title insurance in the name of plaintiff. Title policies representing millions of dollars of liability had been written under said contract during the past 21 years, such policies obligating plaintiff perpetually in the case of owner title insurance, and for periods of 20 to 30 years in the case of mortgage title insurance.
During said 21-year period, agent had, under said contract, accumulated numerous files and records in connection with the title policies so written, including applications, opinions on title, affidavits, surveys, and abstracts and other chains of title. Such records and files were essential to, and irreplaceable by, plaintiff for its own protection in connection with possible future liability under said title policies, and under said contract, were plaintiff’s property though left in agent’s possession for convenience.
Agent, Title Guaranty and Abstract Co. of Sanford, sold its abstract business to buyer, Title and Abstract Co. of Sanford, a competitor of plaintiff, and included in such sale the aforesaid records and files. If permitted, such action would cause irreparable injury to plaintiff by the loss of irreplaceable information, as above described, and by placing confidential matters regarding plaintiff’s business in the hands of a competitor. Finally, the complaint alleged that if a receiver were not appointed, without notice, defendants would conceal or destroy such files and records, or improperly make copies thereof.
Attached to the complaint was a copy of the contract involved and a list of the policies processed by the agent.
A motion to dismiss the complaint was filed by the defendant, the grounds being, generally, no cause stated, no chancery jurisdiction, no ultimate facts alleged, adequate remedy at law, another adequate remedy available, and other grounds not necessary to mention.
The court granted the motion to dismiss, said decree being as follows, omitting formal parts:
“This cause coming on this day to be heard on Defendants’ Motion to Dismiss, heretofore filed herein, counsel *213 having been heard, and the Court finding that the Plaintiff has an adequate remedy at law, if any, by replevin; that Plaintiff’s property right in and to the files is to have them available to Plaintiff, and that Defendant, Title Guaranty & Abstract Company of Sanford, was Plaintiff’s agent, upon consideration thereof, it is
“Ordered, Adjudged and Decreed that said Motion to Dismiss be, and the same is hereby granted, and the above styled cause be, and the same is hereby dismissed.
“Done and Ordered in Chambers at Sanford, Seminole County, Florida, this 8th day of February, A. D., 1957.”
The trial judge, by the above order, first, held that the complaint was improperly brought, on the ground that plaintiff’s remedy, if any, was by replevin; and second, in effect, passed upon some of the subject matter of the complaint.
Florida Statutes, Section 87.02, F.S.A., provides:
“Any person claiming to be interested or who may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing * * * may have determined any question of construction or validity * * * and obtain á declaration of rights, status or other equitable or legal relations thereunder.”
"Florida Statutes, Section 87.12, F.S.A., provides:
“The existence of another adequate remedy shall not preclude a decree, judgment or order for declaratory relief. The circuit court may order a speedy hearing of an action for a declaratory decree, judgment or order and may advance it on the calendar. When a suit for declaratory decree is filed as provided in this chapter the court shall have power to give as full and complete equitable relief as it would have had if such proceeding had been instituted as a suit in equity.”
In the case of Lockleer v. City of West Palm Beach, Fla.1951, 51 So.2d 291, 293, the Supreme Court of Florida, in an opinion by Mr. Justice Thomas, held, where there was a dispute between certain parties as to who was the senior officer in the police department and therefore entitled to act as chief of police because of a vacancy created by the death of the incumbent chief of police, that it was appropriate for the City .of West Palm Beach to have recourse to , the remedy of declaratory .decree to determine this question, notwithstanding that the remedy of quo warranto was also available. The Court, in the above case, said:
“In any event, the statute, Section 87.12, Florida Statutes 1941, and F.S.A., -expressly provides that ‘The existence of another adequate remedy shall not preclude a decree * * * for declaratory relief.’ So, even though the remedy of quo warranto might be invoked to decide the right of Lockleer to hold the office, it would not preclude the city from seeking a determination of its rights under the declaratory procedure.”
See, also, Wilson v. Wakulla Edgewater Co., 1948, 160 Fla. 702, 36 So.2d 440.
In the case of Modernage Furniture Corp. v. Miami Rug Company, Fla.1955, 84 So.2d 916, 918, the Florida Supreme Court reversed the lower court in a case where a retail furniture company sought a declaration of its rights under it's contract with a rug company. The contract provided that the rug company was to have an exclusive right, without competition from the furniture company,- to sell carpets in the furniture company’s stores, two Miami stores being the only ones specifically mentioned in the contract’s preamble; and also provided that should the, furniture company open branch stores, the rug company was to have “first refusal” to operate the carpet department therein. The Supreme *214 Court held that the contract was in conflict, as to the above described provisions, and that the complaint alleged a “dispute” by setting out the furniture company’s claim that it had the right, under the contract, to open a branch store in another city and run the carpet department itself, thereby showing sufficient doubt as to the parties’ rights under the contract to bring the case within the declaratory judgment statute. The Court, in its opinion, said:
“In Rosenhouse v. 1950 Spring Term Grand Jury, Fla., 56 So.2d 445, we approved the following statement made by the Supreme Court of Alabama:
“ ‘ “The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.” ’ 56 So.2d 445, at page 448.
“Thus as we view the case the only question presented on this appeal is whether or not. a bona fide doubt as to construction of the contract, of a character sufficient to activate the processes of the court under our declaratory judgment statute, was shown to exist.”
The appropriateness of declaratory relief to determine a variety of questions has been upheld in a' series of cases in Florida, such as: whether a liquor license was subject to a lien, James v. Golson, Fla.1957, 92 So.2d 180; the determination of grantee’s title to land on which grantor’s structure allegedly encroaches, May v. Holley, Fla.1952, 59 So.2d 636; interpretation of rights under a city zoning, ordinance, Glackman v. City of Miami Beach, 1947, 159 Fla. 376, 31 So.2d 393; authority of city officers under city charter, Alsop v. Pierce, 1944, 155 Fla. 185, 19 So.2d 799; authority of church to enter into contract under its charter, Florida National Bank of Jacksonville v. Rector, Wardens and Vestry of St. John’s Parish, Fla.1950, 45 So.2d 751. See, also, Declaratory Actions, 9 Florida Jurisprudence, Section 25, page 572.
9 Fla.Juris., Declaratory Action, Section 27, states:
■ “Declaratory judgments as to title to property, both real and personal, have been rendered in numerous cases. However, the courts have refused on various grounds to grant declaratory relief to settle questions relating to title to real property. Among such grounds are the availability of the remedy of ej ectment, and the availability of statutory proceedings for quieting title and removing clouds. Declarations have also been denied where the instrument involved is not in the chain of title in question, or where the parties agree that facts exist making a title non-marketable.”
The appellees, in their argument supporting the lower court’s order dismissing the complaint on the ground that replevin was the proper remedy, cite the cases of Stark v. Marshall, Fla.1953, 67 So.2d 235, and Cape Sable Corp. v. McClurg, Fla.1954, 74 So.2d 883, as authority for the rule that one may not substitute a declaratory action for one of ejectment. The appellees then cite the case of Florida Trust & Banking Co. v. Consolidated Title Co., 1924, 86 Fla. 317, 98 So. 915, 916, to show that replevin was a proper action to recover possession of a “complete abstract business”.
We have read the cases cited by the ap-pellees, but do not find them determinative of the.question involved in this case.
We are of the opinion that the plaintiff below was entitled to have his rights and those of the other parties determined under the declaratory judgment act. Historically, the Legislature declared the act to-be substantive- and remedial.
: “ * * * its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, sta *215 tus and other equitable or legal relations; and is to be liberally administered and construed.” Sec. 87.11, Fla. Stat.1955, F.S.A.
The order appealed from should be, and is, reversed and the cause is remanded to the lower court for a determination of the issues involved in accordance with the provisions of Chapter 87, Fla.Stat.1955, F.S.A.
THORNAL, CAMPBELL, and BARKER, ROGER A., Associate Judges, concur.