SMITH, CULVER, Associate Judge.
This is an interlocutory appeal by Appellants, who were Plaintiffs below, from an order denying a Motion to Dismiss their Complaint filed in Chancery, but transferring the cause to the Law side of the-Court. The Complaint contains numerous^ prayers for relief' against the various De--fendants, including a prayer for permanent injunction. Injunctive relief can, of course, only be granted by a Court of Equity, but this prayer, or any others for customary equitable relief, may not be considered as giving equitable jurisdiction unless the proper basis therefor is laid by the allegations contained in the Complaint.
Three questions are posed by Appellants, but we are of the opinion that the present controversy is properly stated by the point as stated in the brief of Appellees, which is:
“Did the Circuit Court err in entering its order transferring this cause from the equity side to the law side of the Court.”
In determining equity jurisdiction several basic principles must be kept in mind. Our Supreme Court, in the case of Lykes Bros., Inc. v. Board of Commissioners of Everglades Drainage District, Fla. 1949, 41 So.2d 898, stated that a Motion to Dismiss a Complaint in Equity should be denied if the Complaint states any grounds for equitable relief. See also Lopez v. Smith, Fla.App.19S9, 109 So.2d 176, and cases cited therein. In discussing the discretion of a Chancellor in choosing between forums, the Supreme Court of Florida, in the case of Ponce v. Demos, 1947, 159 Fla. 117, 31 So.2d 58, 59, stated:
“In doing so he is not to be so much concerned with refinements in pleading as he is with adopting the forum that will give aid to the party wronged. If the remedy at law is not as sensitive to the prompt administration of justice as the remedy in equity, then the latter should be adopted.”
A general rule to be applied is that set out in Wilson v. Wakulla Edgewater Co., 1948, 160 Fla. 702, 36 So.2d 440, 441 as follows:
“The adequacy of the relief is the better test to determine when a case should be transferred from equity to the law side of the docket and a more liberal rule should govern such a test *855 than the rule by which we test the sufficiency of the bill. In the latter case doubts as to sufficiency are construed against the pleader while in the former case doubts as to transfer should be construed in his favor. When the complainant has made out a case, his election of the forum should not be set at naught unless shown to be clearly in error.”
In one of the paragraphs of the Complaint, in the case now being considered, it is alleged that the Defendant, Sebastian River Drainage District and the members of its board of supervisors, operate a system of drainage canals and ditches lying south of Appellants’ property, which systems drain a large volume of water across this land, which use is alleged to be a trespass thereon, and an injurious interference with Appellants’ peaceful possession, use and enjoyment. Although not actually stating in the Complaint that this is a continuing trespass, the facts alleged clearly show it to be one. An injunction is sought by Appellants to prevent such use of their property. It is well settled that equity will enjoin repeated or continuous trespasses. (12 Fla.Jur. 17 page 154) It would, therefore, seem that under these allegations, and by the application of the principles hereinbefore set forth, grounds for equitable relief have been made to appear. Actually, the Chancellor denied the Motion to Dismiss Appellants’ Complaint, but then ordered the cause transferred to the Law side. It may be that an adequate remedy at law exists for some of the wrongs of which Appellants complain, but if equity has jurisdiction because of one phase of the cause, it will retain it for all purposes to administer full, complete and final relief, so as to avoid a multiplicity of suits. (See 12 Fla.Juris. 43 and 44 commencing on page 190)
Finally, it is difficult to see how a verdict or verdicts of a jury on the law side of the Court could settle the many questions involved in the case now on appeal, and render full and adequate relief to the Appellants, which is a major consideration estab-blished by the cases of Ponce v. Demos, supra; Wilson v. Wakulla Edgewater Co., supra. The order of the Chancellor appealed from is, therefore, affirmed insofar as it denies Appellees’ Motion to Dismiss, but that portion ordering the transfer to the Law side of the Court is reversed, and the cause is remanded for further proceedings consistent with this opinion
ALLEN, C. J. and SHANNON, J., concur.