WHITE, Judge.
The appellant is defendant and counter-claimant in an equity suit now pending in the trial court. He brings this interlocutory appeal from an order striking his demand for a jury trial of issues raised by his legal counterclaim to plaintiff’s complaint for enforcement of a mechanic’s lien for architectural services. He urges that the denial of a jury trial on his counterclaim, which was a compulsory pleading, is error in view of Section 3 of the Declaration of Rights of the Florida Constitution, F.S.A.[1] and Rules 1.13(1)[2] and 2.1[3] of the 1954 Florida Rules of Civil Procedures, 30 & 31 F.S.A.
It is noted that under old Equity Rule 35 the permissive filing of a legal counterclaim to a complaint in equity constituted a waiver of a jury trial of the issues embraced in. the counterclaim. Tilton v. Horton, 1931, 103 Fla. 497, 137 So. 801, 139 So. 142. Presently, however, a defendant is effectually compelled to file a counterclaim to> the plaintiff’s complaint if the defendant’s, claim, legal or equitable, arises out of the same transaction. If the defendant fails to file, he may not thereafter assert his. claim against the plaintiff. Rule 1.13(1), 1954 Florida Rules of Civil Procedure, supra.
The point here stressed by the defendant is that, since he was compelled to file his counterclaim in plaintiff’s suit, he should not be deprived of a jury trial to which he would be entitled if he were at liberty to prosecute his claim by separate action at law or by issue out of chancery. The plaintiff, on the other hand, takes the position that the chancellor rightly acted within his authority to try without a jury all questions directly germane to the subject matter of the principal suit.
It has been observed that mechanics’ liens are statutory. They were not allowed in equity nor recognized at common law. 36 Am.Jur., Mechanics’ Liens, § 3. Mechanics’ liens therefore are rights created after the effective date of the constitutional provision which preserves the right of trial by jury. Inasmuch as the word “preserve” connotes something already in existence, it is urged for the plaintiff that mechanics lien suits are not within the constitutional guaranty. Acceptance of the foregoing argument, however, is not deemed necessary to disposition of this appeal.
*507 The answer, we think, is found in general principles of equity and equity jurisdiction. Although the legislature may not arbitrarily extend judicial power so as to deprive a litigant of the right to a jury trial, “the right to have equity controversies dealt with by equitable methods is as sacred as the right of trial by jury. * * * ” 19 Am.Jur., Equity, § 13. See also Brown v. Buck (Brown v. Circuit Judge), 75 Mich. 274, 42 N.W. 827, 5 L.R.A. 226. Courts of equity, while proscribed from doing violence to substantive law, have broad and flexible jurisdiction to administer relief where there is no remedy at law or the remedy is inadequate. Wilson v. Wakulla Edgewater Co., 1948, 160 Fla. 702, 36 So.2d 440; 19 Am.Jur., Equity, §§ 10, 29.
Thus the question of an issue out of chancery, or a jury trial of legal issues in connection with a pending chancery cause, seems to lodge naturally in the area of judicial discretion; and the chancellor’s decision should not be disturbed unless manifestly wrong. Ponce v. Demos, 1947, 159 Fla. 117, 31 So.2d 58; 19 Am.Jur., Equity, § 19. Section 398 of the same volume contains the following comment supported by case citations:
“A court of chancery undoubtedly has, by reason of its nature and constitution, ample power to decide every question of law or fact that comes before it in any suit over which it has jurisdiction. The constitutional guaranty of the right of trial by jury does not apply to suits in equity. However, any court that is empowered to try a case without the intervention of a jury may, if it sees fit, submit to a jury issues of fact that may arise in the case; it is the custom of the chancery court to avail itself of the assistance that is to be derived from the verdict of a jury. Only proper issues, however, may be submitted.” (Emphasis supplied.)
See also Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166, wherein the court observed that sound discretion is the controlling guide of judicial action in “every phase” of a suit in equity. One such phase is the question of avoidance of multiplicity of suits as a ground of equity jurisdiction. The authorities are in accord that this question involves the exercise of judicial discretion in the light of the facts of the particular suit. 19 Am.Jur., Equity, § 78; Annotation: 20 L.R.S.,N.S., 853. Whether or not equity will assume jurisdiction with reference to complicated accounts is also a matter resting within the sound discretion of the chancellor. 1 Am.Jur., Accounts and Accounting, §§ 52, 53.
Reverting to the instant situation we shall review some of the factors that could have influenced the chancellor’s decision. This suit undoubtedly necessitates extensive accountings and the consideration of numerous change orders in the construction of a unique home costing in excess of $200,-000.00. The defendant’s counterclaim is for damages deriving from alleged negligence of the plaintiff in lax supervision and faulty specifications of material. In this connection the plaintiff averred that the defendant had sued a general contractor and several sub-contractors and effected settlements of alleged construction disputes— and that these matters are included in the defendant’s counterclaim against the plaintiff who was to be paid on a cost percentage basis. Thus the pleadings comprehend some issues that are equitable and others that are legal in character; but these issues are very closely interwoven.
Does the defendant have the absolute right to a jury trial of the legal issues raised by his compulsory counterclaim to the plaintiff’s original complaint in equity? The question is answered in the negative. It is our opinion that, notwithstanding the compulsory pleading rule, a counterclaim-ant’s demand for a jury trial in an equity suit rests within the reviewable discretion of the chancellor. The request may be granted or denied according to the circum *508 stances. If the issues are interdependent and not clearly separable, and equity jurisdiction has been properly invoked, the chancellor may adjudicate all interposed claims, permissive, compulsory, equitable and legal, and grant full and complete relief as among all the parties. Such is the situation here, and we think the chancellor acted discreetly and correctly in deciding to adjudicate in equity all the pleaded claims, including the counterclaim that otherwise would be peculiarly cognizable at law. Cf. 12 Fla.Jur., Equity, §§ 43 and 44; Cone v. Cone, Fla.1953, 62 So.2d 907, 908; Coleman v. Davis, Fla.App.1958, 106 So.2d 81. This broad exercise of equity jurisdiction does not, in the juridical sense, constitute a deprivation of the right to a jury trial.
The present case is distinguishable from the several federal court decisions holding that the defendant pleading a compulsory legal counterclaim is entitled to a jury trial. In those cases the issues were not so mixed as are the issues here presented. See e. g. Lisle Mills, Inc. v. Arkay Infants Wear, Inc., 1950, D.C.N.Y., 90 F.Supp. 676, wherein the defendant asserting the counterclaim sought only legal relief.
In considering this appeal we have been cited no case squarely in point, but counsel have noted several cases which merit discussion. In Ganaway v. Henderson, Fla.App.1958, 103 So.2d 693, the First District Court of Appeal held that the defendant waived his right to object to equity jurisdiction of his legal counterclaim when he did not demand a jury trial. Judge Wiggin-ton, speaking for the court, noted that “the mere existence of a remedy at law for damages does not exclude the wider jurisdiction of equity to unravel the transaction * * “ * * * The relief prayed for * * * was cognizable only in a court of chancery. The accounting, regardless of its complexity, and the damages sought were incidental to the primary relief of rescission.” The court held that the record disclosed no abuse of the chancellor’s discretion in granting both the primary and incidental relief.
In Jones-Mahoney Corp. v. Fielland, Fla.App.1959, 114 So.2d 18, the original suit was for an accounting in equity. The defendant’s counterclaim sounded in tort for damages caused by alleged slander. The counterclaim was permissive and the defendant did not demand a jury trial. The defendant appealed after the chancellor struck that portion of the counterclaim which sounded in tort. The court held on appeal that the defendant could file his permissive counterclaim for slander. The court said:
“The parties having chosen not to request a jury trial for the legal counterclaim as they were privileged to do, the Chancellor, in his discretion, could have heard the testimony and tried all issues without distinction in one final hearing on the chancery side of the court. * * *
“Alternatively, the Chancellor could have ordered a separate trial of the legal issue made by the counterclaim if he found same necessary to the ends of justice. * * * ” (Emphasis supplied.)
In contrast the present case involves a compulsory counterclaim and the defendant expressly requested a jury trial; but the issues, as stated, are so blended with the issues of the principal suit that a conjunctive determination by the chancellor will best subserve the ends of justice.
Section 22, Article XVI, Florida Constitution requires the legislature to provide for mechanics’ and laborers’ liens. The legislature accordingly has enacted F.S. § 86.03, F.S.A. pertaining to enforcement by suit in equity. Although written prior to the adoption of the 1954 Florida Rules of Civil Procedure, Kooman, Florida Chancery Pleading and Practice, § 284, is still pertinent:
“There are several methods provided by statute for the enforcement of mechanics’ liens. One of them is by bill in equity. The existence of other *509 methods of enforcing a mechanic’s lien does not preclude the remedy in equity. Nor does the remedy in equity violate the constitutional guaranty of a trial by jury. A mechanic’s lien was unknown to the common law and hence was not triable by a jury when the constitutional guaranty was adopted. * * *"
See also 36 Am.Jur., Mechanics’ Liens, § 278; Behrens v. Kruse, 1913, 121 Minn. 90, 140 N.W. 118.
On cross appeal the plaintiff assigns error in the denial of his motion for production of documents relating to settlements between the defendant and certain contractors. The motion was based on the premise that the requested figures are necessary inasmuch as the plaintiff’s fee is contractually fixed at a percentage of total construction costs. The defendant contends that the plaintiff was not a party to the disputes and therefore has no right to examine documents with reference to any compromise or settlement. It is further contended on behalf of the defendant that the documents are privileged and not within the permis-sable scope of examination.[4] We do not agree.
The question hinges upon whether there is good reason to believe that the documents contain evidence pertinent and material to the suit. The motion must not be a mere fishing expedition as where the movant has nothing more than a mere suspicion. Jacobs v. Jacobs, Fla.1951, 50 So.2d 169. In the present case, however, the plaintiff was required to supervise the construction, certify bills for payment and resolve differences between the owner and the contractors. The defendant gave numerous change orders and disputed certain costs with the contractors. The results are peculiarly within his knowledge. The conclusion is that the documents were proper subjects for discovery.
On the direct appeal, the order striking defendant’s motion for a jury trial on his counterclaim is affirmed. On the cross appeal, the order denying plaintiff’s motion for production of documents is reversed.
Affirmed in part and reversed in part.
KANNER, Acting C. J., and SMITH, J., concur.

. “The right of trial by jury shall be secured to all, and remain inviolate forever.”

. Compulsory Counterclaim. The defendant, at the time of “the filing of his answer, shall state as a counterclaim, any claim * * * which he has against the plaintiff, arising out of the transaction * * * that is the subject matter of the action * * *.”

.“The right of trial by jury * * * shall be preserved to the parties inviolate. * * *»

. R.C.P., Rules 1.21(b) and 1.28.