PER CURIAM.
Appellant-plaintiff brings an interlocutory appeal from an order dismissing his amended complaint without prejudice and transferring the cause from the equity to the law side of the docket.
Plaintiff, a patent attorney, entered into an agreement with decedent, Joseph M. White, to perform legal services necessary for the protection of decedent’s patent against infringement and to perform services in connection with all matters affecting the patent. As payment for these services, plaintiff was to receive twenty per cent of the royalties received by the decedent. This agreement was entered into in April of 19S6, and was alleged to have been in force at the time of the death of said Joseph M. White on April 29, 1964. Subsequent to his death, defendant-appellees were appointed executors of the decedent’s estate, and this cause of action was brought by the plaintiff against the executors for an accounting in equity. Upon defendants’ motion, plaintiff’s suit was dismissed without prejudice and transferred to the law side of the-docket.
It is well settled that equity will' not function when there is an adequate legal' remedy and that in borderline cases, such as the one before us, the chancellor has-broad discretion in determining the proper forum. Ponce v. Demos, 159 Fla. 117, 31 So.2d 58 (1947). In the instant case, plaintiff’s remedy at law is full, adequate- and expeditious. The chancellor did not abuse his discretion in transferring the cause, and his ruling is therefore affirmed..
ALLEN, C. J., and LILES and PIERCE, JJ., concur.