TILLMAN PEARSON, Judge.
The appellants were the defendants in a suit brought by the.appellees for rescission and accounting. The final decree, which is here appealed, made extensive findings of fact and ordered the rescission of an agreement whereby property was traded between the parties. In the agreement the appellee received real property in Seminole County and also an interest in a corporation, and appellants received an assignment of a 99-year lease on a motel in Dade County, Florida.
Both appellant, William O. O’Donnell, and the appellee, Walter F. Novak, are attorneys at law. The two attorneys, representing themselves and their associates, met in Mr. O’Donnell’s office and came to a tentative agreement. Thereafter, Mr. O’Donnell drew the agreement and mailed it to Mr. Novak. Mr. Novak added a separate paragraph which stated that approximately 242 lots owned by the corporation were “mortgaged for no more than $800 per lot without any further interest due thereon, with release clause.” The addendum was signed by Mr. Novak and by Mr. Lynch who was an associate of Mr. O’Donnell’s. At the trial, the only witnesses were Mr. Novak and Mr. O’Donnell. The court found as follows:
“1. That the equities of this cause are with the Plaintiffs.
“2. That the Addendum to the Agreement-Contract of Sale and purchase Exchange dated February 21, 1964 (Plaintiff’s Exhibit #2) is an integral part of the entire Agreement and was executed by the Defendant, WILLIAM M. LYNCH, JR., on behalf of and as agent for the Defendant, WILLIAM O. O’DONNELL.
“3. That said Defendant, WILLIAM M. LYNCH, JR., was at all times pertinent to the cause, an agent of the Defendant, WILLIAM O. O’DONNELL, did accept the Addendum to the Agreement of February 21, 1964 (Plaintiff’s Exhibit #2) and acted thereunder without Complaint.
“4. That the Plaintiffs made a dependent covenant in the Addendum, to-wit: that the property owned by the Defendant, GARDEN CITY BUILDERS, INC., was encumbered by a mortgage which contained a release clause of $800.00 per lot, without any further payment of interest due and that without said covenant the Plaintiffs would not have consummated the Agreement.
“5. That the Defendant, WILLIAM O. O’DONNELL, well knew of the non-existence of such $800.00 release clause but failed to so advise the Plaintiff and further, the Defendant, WILLIAM O. O’DONNELL, promised to attempt to secure an even lower release clause. That by the Defendant, WILLIAM O. O’DONNELL’S, words and actions the Plaintiffs were advised not to investigate the truth or falsity of his representations.
“6. That this conduct by Defendants prevented Plaintiffs from determining that there was in fact no release clause. A Court of equity cannot condone such misrepresentation of a material fact or allow Defendants to retain the fruits of this course of action.
*886 “7. That the Defendants did breach the dependent covenant as hereinabove stated and that said covenant was such an indispensable part of the Contract that the Contract would not have been made if said covenant was omitted.
“8. That the Plaintiffs acted diligently after becoming cognizant of the Defendants’ failure to perform under the dependent covenant and did timely offer to rescind the entire Agreement and to restore the status quo.
“9. That equity and good moral conscience dictate that the Agreement of February 21, 1964 be rescinded and that the parties be placed as closely as possible in a position of status quo as it existed before February 21, 1964.”
The appellant has presented seven points. Of these points, four challenge the court’s finding that the equities are with the plaintiffs. We do not further discuss these points because they do not present reversible error inasmuch as the record reveals competent substantial evidence to support the finding of the chancellor. See Board of County Com’rs v. F. A. Sebring Realty Co., Fla.1953, 63 So.2d 256; Carolina Lumber Company v. Daniel, Fla.App.1957, 97 So.2d 156; Cole v. Cole, Fla.App.1961, 130 So.2d 126.
Of appellants’ remaining points, the first urges that the chancellor erroneously entered a decree granting the prayer of rescission because it was impossible to restore the parties to the status quo. It is urged that rescission is inequitable because the appellants have made payments upon a mortgage on the motel. It is true that where there is a clear impossibility to restore the status quo, a court of equity will not ordinarily decree a rescission. Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893 (1934); Smith v. Chopman, Fla.App.1961, 135 So.2d 438. Nevertheless, in the instant case it appears that an accounting between the parties has been ordered and that this accounting will balance the equities between the parties as to the payments made on the motel by the appellants.
The second of appellants’ remaining points is directed toward the appel-lees’ failure to investigate, as fully as caution would have seemed to indicate, prior to entering into the agreement. This point is fully answered by the chancellor’s finding-that the conduct of the defendants prevented the plaintiffs from determining the falsity of the statement regarding the release clause. Failure to investigate is not a. bar to equitable relief when it affirmatively appears that the party to benefit by the nondisclosure uses artifice to prevent the investigation. Board of Public Instruction of Dade County v. Everett W. Martin & Son, Inc., Fla.1957, 97 So.2d 21. Alepgo Corp. v. Pozin, Fla.App.1959, 114 So.2d 645.
 The third point presented by appellants urges that there was an adequate-remedy at law. We recognize the rule that equity will not ordinarily intervene where-the law affords a full and complete remedy, but we find no reason to apply such a rule here because it is apparent that only equity could afford a full and complete remedy. Cf., Plasman v. Roach, Fla.1949, 43 So.2d 11. See also Ponce v. Demos, 159 Fla. 117, 31 So.2d 58 (1947).
Affirmed.