330 So.2d 837 (1976)
Joseph F. JANECZEK and Dorothy Janeczek, His Wife, Appellants,
v.
Edward EMBRY et al., Appellees.
No. 75-285.
District Court of Appeal of Florida, Third District.
April 27, 1976.
Rehearing Denied May 12, 1976.
*838 Robert M. Brake, Coral Gables, for appellants.
George A. Williamson, Fort Lauderdale, Kates, Ress, Gomez & Rosenberg, North Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by Joseph F. Janeczek and Dorothy M. Janeczek, plaintiffs in the trial court, from a final judgment in favor of the defendants, Edward Embry, James Killen and Space to Grow, Inc., entered at the close of the plaintiffs' case in a non-jury trial.
No useful purpose would be served by a detailed recitation of the facts in evidence. Suffice it to say that this controversy stems from an exchange of boats for a parcel of land. The Janeczeks traded their houseboat and two other boats for a 5-acre parcel of Collier County land in which Embry allegedly had an interest by an agreement for deed with Space to Grow, Inc., now dissolved. James Killen was the president of Space to Grow, Inc. The Janeczeks traded their boats to Embry and took over Embry's alleged contract without ever seeing the land. After the swap they executed a new agreement for deed contract with Space to Grow and made a payment thereon. Subsequently, the Janeczeks tried unsuccessfully to locate the property, and discovered that it was swampland and that it was inaccessible. They made no further payments and thereafter Space to Grow cancelled their contract. In the complaint, the Janeczeks sought rescission, punitive damages for fraud and "such other and further relief as this Court may deem just and advisable."
The cause proceeded to a non-jury trial. At the close of the plaintiffs' case, the defendants moved for judgment in their favor. The trial court granted the defendants' motion and stated that because the Janeczeks wilfully refused to make the monthly payments on the land contract, causing its cancellation, it was impossible to give the land back to Embry and, therefore, the plaintiffs were not in a position to rescind. "... (T)hese people have made rescission impossible, rescission with the Space to Grow or rescission of the contract between the Janeczeks and Mr. Embry."
In our opinion, there was no substantial competent evidence to support a judgment in favor of the Janeczeks against defendants Killen and Space to Grow. Accordingly, the final judgment is affirmed as to these defendants.
As to defendant Embry, however, the record contains ample evidence to establish a prima facie case of fraud. Therefore, we reverse the final judgment in Embry's favor and remand the cause to the circuit court for a trial. Although the trial court expressed concern with the fact that rescission was not possible since the contract between Embry and Space to Grow could not be returned to Embry, there are exceptions to the rule that the unchanged consideration must be restored in order to return the parties to their prior positions. See Williston on Contracts, 3rd Ed., Vol. XII, Rescission and Restitution, §§ 1460A, 1463; Fraud and Misrepresentation, § 1530. The plaintiffs contend that the trial court could have entered a money judgment based on the prayer in their complaint for general relief. We agree. Generally a court of equity will enter a monetary judgment when necessary to afford complete relief. 12 Fla.Jur., Equity, § 46. Of course, in determining the award of damages, if any, the trial court may take into consideration the actions of the plaintiffs in employing self help and taking back one of the boats and secreting it, and in failing to inspect the land before entering the agreement to trade.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.