**496**

In re Jimmie Q. WILLARD and Kathleen A. Willard, Debtors.

Jimmie Q. WILLARD and Kathleen A. Willard, Plaintiffs,

v.

Ross E. VAN DELLEN and Jeanne B. Van Dellen, Defendants.

WILLARD'S OF UMATILLA, INC., Plaintiff,

v.

Ross E. VAN DELLEN and Jeanne B. Van Dellen, Defendants.

Bankruptcy No. 81–859–BK–J–GP.

Adv. Nos. 81–425, 81–426.

United States Bankruptcy Court, M. D. Florida, Orlando Division.

June 1, 1982.

Jack Zinkow, Orlando, Fla., for Willard.

John P. Grier, Cocoa Beach, Fla., for Van Dellen.

William F. Beemer, Orlando, Fla., Trustee.

## ORDER GRANTING MOTIONS TO DISMISS

GEORGE L. PROCTOR, Bankruptcy Judge.

Plaintiffs filed two adversary complaints against defendants arising from the same set of facts. Plaintiffs state in their complaints that defendants made a loan to them of $75,000.00. As security for the loan, plaintiffs and defendants executed two agreements, namely, a mortgage on real property and a limited partnership agreement. Plaintiffs seek to have this Court rescind both agreements. Defendants have filed motions to dismiss in response to the complaints.

A party desiring to rescind agreements "must abide by the equitable principle that he who seeks equity must do equity." 9 Fla.Jur.2d Cancellation, Reformation, and Recission of Instruments § 34 (1979). Defendants assert that this means that the plaintiffs, as the parties seeking rescission, must restore the defendants as nearly as possible to the position which they occupied before entering into the agreements with the plaintiffs. If such restoration is not possible, rescission should be denied.

The plaintiffs acknowledge that as a general rule where restoration is not possible the courts will not permit agreements to be rescinded. Furthermore, plaintiffs do not believe that it is possible for them to restore defendants to the position they occupied prior to execution of the agreements because to do so would require removing

$75,000.00 from the estate of a debtor in bankruptcy to pay a prepetition creditor in full. However, plaintiffs take the position that the defendants are merely unsecured creditors of their estate, and as such are only entitled to an accounting. The Court, plaintiffs argue, could order rescission of the agreements and grant defendants a money judgment against plaintiffs. This would result in defendants having an allowed, unsecured claim against plaintiffs' estate. The defendants would then receive their pro-rata share as unsecured creditors along with all the other unsecured creditors.

Courts have diverged from the general rule of denying rescission where restoration was impossible, and have permitted rescission based on an accounting; but only when it is apparent from the facts of the case that an "accounting will balance the equities between the parties . . . ." *O'Donnell v. Novak*, Fla.App., 183 So.2d 884, 886 (1966); Accord, *Janeczek v. Embry*, Fla. App., 330 So.2d 837, 838 (1976). This Court does not believe that an accounting will effectively balance the equities between plaintiffs and defendants. The plaintiffs received a loan from defendants in the form of hard cash. The plaintiffs now seek to relegate defendants to the status of unsecured creditors of plaintiffs' estate who must take their chances as to the amount of distribution they receive. Clearly, for this Court to place defendants in such a precarious position would not be to do equity.

For all of the above reasons, it is OR-DERED as follows:

1. Defendants' motions to dismiss are granted;

2. Plaintiffs will have twenty (20) days from the date of this order to amend their complaints. The defendants shall plead to the amended complaints in twenty (20) days after receipt.