451 So.2d 930 (1984)
MAR-CHAR ENTERPRISES, INC., Etc., et al., Appellants,
v.
CHARLIE'S THE LAKES RESTAURANT, INC., et al., Appellees.
No. 83-2862.
District Court of Appeal of Florida, Third District.
June 5, 1984.
Rehearing Denied July 11, 1984.
Paul J. Kneski, Hialeah, for appellants.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
Since the record demonstrates without dispute that the parties to the instant sale of a restaurant labored under a mutual mistake concerning the availability and transferability of a full-scale liquor license for the premises which was material, indeed vital, to the transaction, we hold that the trial court erred in denying the appellant-purchasers' prayer for rescission of the agreement. Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614 (Fla.2d DCA 1965), cert. denied, 180 So.2d 656 (Fla. 1965); see, Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769 (1927); 9 Fla.Jur.2d Cancellation Reformation and Rescission § 29 (1979). The judgment below is therefore *931 reversed and the cause remanded for further proceedings consistent herewith.[1]
NOTES
[1] The appellee-sellers claim that the foreclosure of a first purchase-money mortgage on the property, upon which they were the mortgagors (they took back a second purchase-money mortgage in the transaction involved in this case), precludes rescission on the theory that the status quo cannot be restored. See 9 Fla.Jur.2d Cancellation Reformation and Rescission § 34 (1979). In the light, however, of the fact that the original seller and first purchase-money mortgagee, reacquired possession and title at the foreclosure sale, and of the trial court's ability to order an accounting and fashion other ancillary remedies if necessary, we find no merit in this contention. See O'Donnell v. Novak, 183 So.2d 884 (Fla.3d DCA 1966); Janeczek v. Embry, 330 So.2d 837 (Fla.3d DCA 1976); Pirrello v. Poulter, 354 So.2d 468 (Fla.3d DCA 1978); compare, Smith v. Chopman, 135 So.2d 438 (Fla.2d DCA 1961).