515 So.2d 1053 (1987)
BRAMAN DODGE, INC., Appellant,
v.
David B. SMITH and Luz Elvira Smith, Appellees.
No. 85-2700.
District Court of Appeal of Florida, Third District.
November 24, 1987.
*1054 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Bercuson, Cahan, Lasky & Tarr, Miami, for appellant.
Stephen K. Loffredo, Miami Shores, for appellees.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
HENDRY, Judge.
Plaintiffs, David and Luz Smith, brought a suit against defendant, Braman Dodge, Inc., seeking cancellation and rescission of a contract and security agreement for the purchase of a 1983 automobile and damages for fraud allegedly perpetrated on the plaintiffs in connection with the sales transaction. The jury, using a special interrogatory verdict, rejected the fraud count, finding instead that due to mutual mistake, without deliberate fault on the part of either party, the terms and conditions of the contract and security agreement did not accurately reflect the agreement reached by the parties. The trial judge, relying on the jury's findings, entered a final judgment for plaintiffs, rescinding the contract and awarding plaintiffs $8,136.55, which included $4,400.45 for the down payment plaintiffs gave defendant and $1,975.00 for the value of the 1979 trade-in vehicle, plus $1,761.10 for pre-judgment interest. The judgment also required plaintiffs to return the 1983 automobile to defendant.
Defendant appealed the adverse judgment, contending, inter alia, that if the plaintiffs were entitled to rescission, the trial court should have allowed defendant the opportunity to present evidence to adjust the equities between the parties.
Rescission of a contract is an adequate remedy where the parties to the contract labor under a mutual mistake which is material to the transaction. Mar-Char Enter., Inc. v. Charlie's The Lakes Restaurant, Inc., 451 So.2d 930 (Fla. 3d DCA), review denied, 461 So.2d 113 (Fla. 1984); Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614 (Fla. 2d DCA), cert. denied, 180 So.2d 656 (Fla. 1965); 9 Fla.Jur.2d Cancellation Reformation and Rescission § 29 (1979). In granting rescission, the court should attempt to restore the parties to the status quo. Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985); O'Donnell v. Novak, 183 So.2d 884 (Fla. 3d DCA 1966). Where restoration to the status quo is impossible, however, a court may still grant rescission, provided the equities between the parties can be balanced. Mar-Char Enter., Inc., 451 So.2d at 931, n. 1; Janeczek v. Embry, 330 So.2d 837 (Fla. 3d DCA 1976); O'Donnell, 183 So.2d at 886.
The court, in the instant case, correctly rescinded the contract and security agreement, but failed to fashion a remedy which would do equity to both parties and afford complete relief. An examination of the judgment clearly demonstrates that the judgment favored plaintiffs; plaintiffs received compensation in excess of $8,000.00 in contrast to defendant, who only obtained the return of the 1983 vehicle. The judgment failed to compensate defendant for any financial damages sustained as a result of the contract or for the depreciation of the vehicle. Furthermore, the judgment failed to deduct any benefits plaintiffs received *1055 from use of the vehicle. Accordingly, the final judgment is reversed in part, and the cause remanded with instructions to adjust the equities between the parties.
Affirmed in part, reversed in part.