LEVY, Judge.
Owner of mobile home park and three mobile homeowners and lessees of their respective underlying lots sought contrary injunctive relief below. In actions consolidated for hearing purposes, the trial court denied park owner’s petition for injunctive relief and granted homeowners’ complaint for injunctive relief conditioned upon posting of a surety bond. Upon the park owner’s appeal, we reverse.
In the Spring of 1988, Appellant (Poinciana) purchased real property in Key West upon which was located a mobile home park. The purchase price included a $150,-000 promissory note due to mature on Jan. 1,1989, and a mortgage securing same. In making this purchase Poinciana relied upon a survey prepared by Key West surveyors which certified no encroachments upon the subject property. Subsequent examination revealed that three mobile homes located *134 on the subject property in fact encroached upon the adjoining land, each by less than 10 feet. At the time that these encroachments were discovered, the adjoining landowner Key West Polo Club, Ltd. (Polo Club) was preparing to commence construction upon its property. Poinciana was informed of these encroachments and spoke with the three homeowners (the appellees)[1] about relocating said trailers at Poinciana’s expense, inasmuch as Polo Club had allowed Poinciana seven days to remove the encroachments or suffer any damages incurred as a result of Polo Club’s inability to proceed with its own construction plans. Poinciana’s own efforts to refinance its $150,000 promissory note were also being hampered, and Poinciana was concerned that the mortgage securing this note might be foreclosed. Appellees refused to allow Poinciana to relocate their trailers.
Poinciana filed a petition for temporary and permanent injunctive relief (the earlier case) against the trailer owners seeking permission to relocate the subject trailers. Appellees Conley and Hilfiker and the mobile home park owner’s association filed a complaint for temporary injunction against Poinciana (the later case) to prevent Poinciana from moving the trailers or making any other physical changes in the park. The cases were consolidated for purposes of a December 16, 1988, hearing at which the trial , court denied the relief sought by Poinciana in the earlier case but granted the relief sought by Appellees in the later case and required the posting of a $5,000 bond as a condition thereof. Poinciana challenges the respective denial and granting of the contrary injunctive relief sought by the parties, and asserts additionally that the required bond is insufficient to protect it.
In the earlier case, the trial court erred in denying deserved relief to Poinciana. The lawsuit which Polo Club only contemplated earlier has now become a reality, with the daily accrual of damages arising from the continuing encroachment of the three mobile homes. The continuing nature of this injury to Appellants warrants injunctive relief. See Welch v. Graves Brothers Company, 117 So.2d 853 (Fla. 2d DCA 1960).
In the later case, the court erred in granting undeserved injunctive relief where Appellees failed to show sufficient irreparable damages. Poinciana offered to absorb all costs incurred in relocating the encroaching mobile homes, and to make Appellees whole for any and all damages to, or destruction of, the subject mobile homes incurred in the relocations. Our decision on this issue moots Poinciana’s challenge to the sufficiency of the amount of bond required by the court.
The decisions below are, accordingly, reversed. We reverse and remand the denial of Poinciana’s petition, and direct that said petition be granted and that a bond be required in an amount sufficient to protect Appellees in connection with the relocation of the subject trailers. We also reverse and vacate the granting of Appellees’ complaint for injunctive relief.
REVERSED AND REMANDED.

. After a jurisdictional challenge by counsel for appellees at the hearing on the consolidated actions, appellant' was precluded from proceeding against mobile homeowner Woodhouse.