# PIFER, INC. v SCHUBOT, etc.
## Case No. AP 89-7045 AZ
Fifteenth Judicial Circuit, Palm Beach County
September 27, 1990

## APPEARANCES OF COUNSEL

**Michael J. Burley, Esquire,** for appellant.

**Robert Zundel, Esquire,** Bond, Schoeneck & King, for appellee.

Before RODGERS, RAPP, OFTEDAL, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant is a company that sells and services golf carts. Appellee purchased a golf cart from appellant for use at his bird-breeding facility but found the cart unacceptable for its intended use and

brought suit for breach of implied contract and breach of warranty. The trial court awarded appellee, plaintiff below, $3500 (in effect the return of the purchase price) less of setoff of $970.24, i.e., the amount owed for unrelated unpaid bills. The judgment, however, did not require the return of the golf cart.

It appears that the trial court fashioned the remedy of rescission. In granting rescission the court should attempt to restore parties to the status quo. *Lang v Horne,* 23 So.2d 848 (Fla. 1945); *Braman Dodge, Inc. v Smith,* 515 So.2d 1053 (Fla. 3d DCA 1987).

Accordingly, if the cart is unavailable to be returned, the correct measure of damages should be the difference between the purchase price and the value of the cart to the purchaser. This cause is remanded to the trial court for proceedings consistent with this opinion.

RODGERS, RAPP and OFTEDAL, J.J., concur.