# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-0218
Lower Tribunal No. 21-26751-CA-01

————————————

**Inversiones Alfa V, C.A.,**
Appellant,

vs.

**Cedros Management Investments, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Fowler White Burnett, P.A., and Juan C. Zorrilla and Victor M. Velarde, for appellant.

Rivero Mestre LLP, and Andres Rivero and Daniela Tenjido-Eljaiek, for appellee.

Before SCALES, C.J., and LOGUE and LINDSEY, JJ.

PER CURIAM.

Appellant Inversiones Alfa V, C.A. ("Inversiones"), the defendant below, appeals a May 23, 2025 corrected final judgment in favor of appellee Cedros Management Investments LLC ("Cedros"), the plaintiff below, that rescinds the parties' property exchange agreement and awards Cedros the return of its condominium.

After a jury found that Inversiones had fraudulently induced Cedros to enter into a property exchange agreement,[1] and awarded Cedros damages, Cedros filed a notice below electing the equitable remedy of rescission.[2] The trial court conducted hearings on Cedros's rescission election, entering separate orders that balanced the equities between the parties and rescinded the parties' property exchange agreement. In this appeal, Inversiones challenges these post-trial orders that are incorporated into the court's corrected final judgment. According to Inversiones, Cedros is entitled only to a damages award.

---

[1] In June 2018, the parties executed a property exchange agreement to swap their ownership interests for two properties: (i) Inversiones's tree farm located in the country of Venezuela; and (ii) Cedros's luxury condominium located in Sunny Isles Beach, Florida.

[2] See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 313 (Fla. 2000) ("Consistent with the majority view, Florida law provides for an election of remedies in fraudulent inducement cases: rescission, whereby the party repudiates the transaction, or damages, whereby the party ratifies the contract.").

2

We review an order that determines whether a party is entitled to the equitable remedy of rescission for abuse of discretion. Rawson v. UMLIC VP, L.L.C., 933 So. 2d 1206, 1210 (Fla. 1st DCA 2006); see also Rennolds v. Rennolds, 312 So. 2d 538, 542 (Fla. 2d DCA 1975) ("[A] court of conscience ought go no further than reasonably necessary to balance fully the equities flowing between the parties. Discretion in forming equitable decrees should be exercised toward adapting appropriate relief to the wrong suffered or as may be reasonably called for by the circumstances of the particular case."). Here, the trial court concluded that restoring the parties to their pre-agreement status was impossible and, therefore, carefully balanced the equities between the parties.[3] The trial court further concluded that the damages award would not provide full and complete relief to Cedros.[4] Based on these conclusions, the trial court rescinded the parties' property exchange

_____

[3] See Henson v. James M. Barker Co., Inc., 555 So. 2d 901, 908 (Fla. 1st DCA 1990) ("The equitable remedy of rescission is not necessarily limited to situations where the parties can be restored to the status quo; that general rule is subject to exception where the inability of one party to restore is caused by the fraud perpetrated by the other party. . . . In the event restoration to the status quo is impossible, rescission may be granted if the court can balance the equities and fashion an appropriate remedy that would do equity to both parties and afford complete relief.").

[4] See O'Donnell v. Novak, 183 So. 2d 884, 886 (Fla. 3d DCA 1966) (concluding, in an action seeking the rescission of a property exchange agreement, that "only equity could afford a full and complete remedy").

3

agreement and awarded Cedros the return of its condominium property. Finding no abuse of discretion in any aspect of the post-trial orders on Cedros's rescission election, we affirm the corrected final judgment.

Affirmed.