463 So.2d 306 (1984)
Cheryl Yates SWEAT, Appellant,
v.
Maria YATES, As Personal Representative of the Estate of William C. Yates, Appellee.
No. AY-257.
District Court of Appeal of Florida, First District.
December 17, 1984.
Rehearing Denied February 27, 1985.
John R. Forbes and Mark S. Kessler, Jacksonville, for appellant.
William H. Maness of Maness & Kachergus, Jacksonville, for appellee.
NIMMONS, Judge.
Appellant Sweat appeals from a summary judgment. We reverse the summary judgment because there is a genuine issue as to the validity of the deed in question.
*307 The facts are undisputed. On September 18, 1982, William G. Yates signed a deed to property owned by him. The deed purported to convey the property to Yates and his daughter, Cheryl Yates Sweat, as joint tenant with right of survivorship. Yates entered the hospital on September 19, 1982. The next day, September 20, 1982, two persons, who had not been witnesses to the signing of the deed, signed their names to the deed as witnesses.
Yates died on Saturday, September 25, 1982. Sweat recorded the deed on Monday, September 27, 1982. Thereafter, two persons said to have been present when Yates signed the deed added their names as witnesses and the deed was re-recorded on October 5, 1982. Sweat took possession and claimed ownership of the property.
On July 2, 1983, Marie Yates, as personal representative of the Estate of William Yates, filed a complaint seeking cancellation of the deed. Mrs. Yates moved for summary judgment on the basis that the deed was void as a matter of law because it was not executed in the presence of two subscribing witnesses as required by Section 689.01, Florida Statutes. In granting summary judgment, the trial court concluded that "the deed in question was not duly executed and delivered in the lifetime of the purported grantor and was, therefore, null and void and of no legal effect." Contrary to the trial court's ruling, we find that the record in this case does not demonstrate that there is no genuine issue as to the validity of the deed.
Section 689.01, Florida Statutes, does not require that witnesses must subscribe in the presence of the grantor or in the presence of each other, nor does it require that the subscribing witnesses sign the document before delivery is accomplished. See Medina v. Orange County, 147 So.2d 556 (Fla. 2nd DCA 1962). Moreover, a deed takes effect from the date of delivery, and the recording of a deed is not essential to its validity as between the parties or those taking with notice. The failure of Sweat to record the subject deed before the grantor died did not render the deed void. The recording statute has always been primarily intended to protect the rights of bona fide purchasers of property and creditors of property owners, rather than the immediate parties to the conveyance. Fong v. Batton, 214 So.2d 649 (Fla. 3rd DCA 1968).
The only finding of the trial court that could possibly support the summary judgment was a finding that the deed was unwitnessed, but this finding is rebutted by the trial court's additional finding that there were two persons "said to have been present at the time and place Yates signed the deed" who added their names as witnesses. Since there is some evidence that there were two witnesses to the signing of the deed, there exists a genuine issue as to the validity of the deed.
Accordingly, the summary judgment is Reversed and the case is Remanded for further proceedings consistent with this opinion.
JOANOS and WIGGINTON, JJ., concur.