484 So.2d 47 (1986)
Thomas V. MULLE, et al., Appellants,
v.
Albert SCHEILER, Appellee.
No. 85-423.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
Rehearing Denied March 7, 1986.
*48 Raymond J. Rotella, of Kosto & Rotella, P.A., Orlando, for appellants.
Charles J. Cacciabeve and John B. Liebman, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellee.
ORFINGER, Judge.
There was sufficient evidence that the sellers, appellants here, fraudulently misrepresented the gross income, expenses and profits of the two stores they were negotiating to sell to appellee and that appellee justifiably relied thereon, as to support the trial court's denial of appellants' motion for directed verdict and submission of the case to the jury.
Although the equitable remedy of rescission is generally not available unless the condition of the parties as it existed prior to the execution of the contract can be restored, Steak House, Inc. v. Barnett, 65 So.2d 736 (Fla. 1953), there are recognized exceptions to the general rule, such as in the case here, where the inability of the buyer to restore is caused by the very fraud perpetrated by the sellers. See Williston on Contracts, (3d ed. 1937). Vol. 12, §§ 1460A, 1463. A defrauded person is excused from restoration to the extent he is rendered incapable thereof by reason of the wrongful conduct of the wrongdoer. 17A, C.J.S. Contracts § 439. See also Janeczek v. Embry, 330 So.2d 837 (Fla. 3d DCA 1976); Dobbs, Handbook on the Law of Remedies, § 9.4 (1973). The record reflects offers by the appellee to restore the businesses to appellants prior to the suit, when such restoration was fully possible, which offers the appellants rejected. The evidence of active participation in the fraud and misrepresentation on the part of at least two of the appellant partners in negotiating the sale of the business is sufficient to support the punitive damage award against all of the partners. §§ 620.62, 620.63, Fla. Stat. (1983). The jury verdict had the effect of cancelling the note and mortgage given by appellee to appellants and the trial court, on remand, should reflect this finding as well as ordering restoration to appellants of whatever assets are capable of restoration. To the extent that the verdict and judgment thus reflect rescission and cancellation of the note and mortgage, the portions of the judgment awarding damages to appellee of $56,300 and punitive damages in the total amount of $22,500, and denying recovery to appellants on the note and mortgage are affirmed.
The award of damages to appellee for civil theft, (section 812.035(7), Florida Statutes (1983)), however, cannot stand because it is wholly unsupported by the evidence. The only money or property obtained by appellants from appellee was the down payment for the businesses plus the payments made on the purchase money promissory note. All this money is accounted for in the compensatory damage award to appellee previously sustained. Any other money lost by appellee would have been in the operation of the businesses, and although this loss too might have been the subject of a damage award based on the fraud of appellants, the jury did not make such award. Despite the broad definition *49 of "obtain and use" reflected in section 812.012(2), Florida Statutes (1983) it is clear that appellants did not "obtain or use" any of these funds. The damage award for civil theft is therefore reversed, and it follows that the retention of jurisdiction to award attorney's fees under the civil theft statute is also reversed.
AFFIRMED in part, REVERSED in part and REMANDED.
COBB, C.J. and SHARP, J., concur.