610 So.2d 68 (1992)
Edward J. BUSH, Appellant,
v.
PALM BEACH IMPORTS, INC., a Florida Corporation, and Royal Palm Savings Bank, Appellees.
No. 91-2779.
District Court of Appeal of Florida, Fourth District.
December 9, 1992.
Richard A. Kufper of Wagner, Nugent, Johnson, Roth, Kupfer & Rossin, P.A., West Palm Beach, for appellant.
Paul M. Sullivan, Jr., West Palm Beach, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellees.
PER CURIAM.
Appellant Edward J. Bush purchased an automobile from appellee Palm Beach Imports, Inc. (d/b/a Braman Motorcars). Shortly thereafter extensive repairs were required to put the automobile in operating condition. Dissatisfied with the condition of the automobile, appellant tried unsuccessfully to return it to appellee, Braman, and then placed it in storage and commenced the underlying litigation.
In appellant's complaint, he alleged that Braman made material misrepresentations to him regarding the car, its history, and its previous ownership. The complaint alleged the following three counts: count I, violation of Chapter 501, part II, Florida Statutes (1989), which is known as the Florida Deceptive and Unfair Trade Practices Act; count II, fraud and misrepresentation; and count III, rescission of contract.
*69 After the trial, the jury returned a verdict in favor of appellant, awarding him $10,000 in compensatory damages, and $10,000 in punitive damages. Appellees moved the trial court to set aside the verdict and to direct a verdict for them on the grounds that the amount of damages was speculative and not based on any evidence. The trial court rendered an order after hearing that motion, and while it withheld ruling on the motion, it ordered appellant to elect a remedy, directing him to choose one count among the three listed in his complaint upon which to recover.
Thereafter, appellant elected the remedy of rescission. However, because the car had been stored for a number of years pending outcome of the litigation, it had depreciated substantially. After a hearing on the terms of the rescission, the trial court determined that the parties could be put back in substantially their same position before the sale only if it balanced the equities (due to the loss of value by depreciation).
Therefore, the court fashioned "an appropriate remedy" by compensating appellees Braman and Royal Palm for the loss of value in the vehicle. It valued the car at $17,000 due to depreciation, and added that figure to $6,399.96 for appellant's loan installment payments and $2,040.00 for insurance premiums, awarding appellant a total of $25,438.96 and commanding him to return the car to Braman within 14 days.
In so doing, the trial court made the finding that restoring both parties to the status quo before the automobile was sold was impossible due to the automobile's depreciation. While it acknowledged that this would generally preclude the remedy of rescission, the court held that it still could order rescission if it also were to "balance the equities" between the parties. The trial court determined that in order to be fair to both parties, appellees should be compensated for the depreciation. For support of this proposition, the trial court cited Braman Dodge, Inc. v. Smith, 515 So.2d 1053 (Fla. 3d DCA 1987), wherein the Third District held that the remedy of rescission is available even though restoration of the parties to the status quo is impossible, provided that the court balance the equities between the parties. Id. at 1054. However, Braman Dodge involved mutual mistake and a lack of fraud, and the instant case involves an express finding of fraud. Thus, the Braman Dodge rationale has no application here, and we find that reliance on its balancing of equities remedy was error.
In the instant case, the jury, specifically finding that Braman committed fraud upon appellant, made the following findings: (1) that a representative of Braman made a statement of fact, as opposed to an expression of opinion, regarding the subject vehicle; (2) that the subject car had sustained structural damage before the Bushes had purchased it and its previous usage and/or status was represented to be something that it actually was not; (3) that such representation was not made in good faith; (4) that such statements were both material and false; and lastly, (5) that the representative who made the statement actually knew at the time that it was false and/or it was made with reckless disregard for the truth.
We find that rescission was not the proper remedy here where the trial court had made the finding that the parties could not be put back to their pre-sales positions due to the depreciation of the car. See, e.g., Gentry v. Smith, 487 F.2d 571, 578 (5th Cir.1973) ("It is the well settled law of [Florida] that a party who rescinds an agreement must place the opposite party in the status quo; and where restoration is impossible (the) contract cannot be rescinded.") (citations omitted); Lang v. Horne, 156 Fla. 605, 23 So.2d 848, 853 (1945) (same); Royal v. Parado, 462 So.2d 849, 856 (Fla. 1st DCA 1985) (the law is well settled that a condition precedent to the granting of the remedy of rescission is that the other party be returned to his status quo; and generally, a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement status quo condition); Smith v. Chopman, 135 So.2d 438, 440 (Fla. 2d DCA 1961) ("`It is a general rule that a contract cannot be rescinded for *70 fraud or misrepresentations where it is not possible to put the parties back in their original positions and with their original rights.'") (quoting Pryor v. Oak Ridge Dev. Corp., 97 Fla. 1085, 1094, 119 So. 326, 329 (Fla. 1929)). But see Mulle v. Scheiler, 484 So.2d 47 (Fla. 5th DCA) (there are exceptions to the general rule that rescission is not an adequate remedy where the parties cannot be restored to their status quo), rev. denied, 492 So.2d 1334 (Fla. 1986).
Because the remedy of rescission is not appropriate or available on the facts of this case, upon remand appellant should be permitted to recover under both of his two remaining counts, violation of the Florida Deceptive and Unfair Trade Practices Act, as well as fraud and misrepresentation. Under section 501.211 of the Florida Deceptive and Unfair Trade Practices Act, these two remedies are not mutually exclusive: "Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part... ." § 501.211(1), Fla. Stat. (1989).
Summarizing, appellant should not have been required to absorb the loss in value of the automobile due to its depreciation, nor should the remedy of rescission of the contract determine the rights of the parties under the circumstances of this case. Appellant should have recovered his damages under counts II and III of the complaint. Thus, we reverse and remand with instructions to reinstate the jury verdict, and award the automobile to appellant (subject to required payments on the financing arrangement) together with an award of reasonable attorney's fees.
REVERSED AND REMANDED.
LETTS, HERSEY and POLEN, JJ., concur.