616 So.2d 1146 (1993)
Ronald BASS and Flounders, Inc., Appellants,
v.
Joseph D. FARISH, Jr., Appellee.
No. 92-1201.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Rehearing Denied May 17, 1993.
Dennis J. Powers, Scott, Henderson, Powers & Dufresne, P.A., Palm Beach, for appellants.
Robert V. Romani, Farish, Farish & Romani, West Palm Beach, for appellee.
Rehearing En Banc Denied May 17, 1993.
PER CURIAM.
A selection of remedies for alleged fraud and the appellants' choice of rescission formed the basis of the three complaints filed in this case. Each time the trial court dismissed the complaint because it failed to allege the appellants' ability to restore benefits received from the allegedly fraudulent *1147 agreement. In fact, by the third complaint, the plaintiffs pled impossibility to restore. The court dismissed the complaint with prejudice. Although other remedies may have survived a motion to dismiss, none were pled. From this final dismissal, the plaintiffs appeal.
The second amended complaint alleged that in January, 1985, the appellants leased space in the Polo Grounds Mall, renovated it, and developed it into a 2-COP (beer and wine only) raw bar. The appellants completed these renovations on May 1, 1985. On June 17, 1985, the appellee obtained the master lease for the premises and proposed to the appellants that the 2-COP raw bar be transformed into a 4-COP (full liquor) establishment. The appellants were receptive to this concept and on June 27, 1985, they entered into an employment agreement. As a result of the agreement, the appellants gave up the existing lease and contributed the improvements on the premises to the operation of the 4-COP bar. The appellants alleged that the appellee represented that: (1) the employment agreement had been approved by the Florida Department of Business Regulations, Division of Alcoholic Beverages and Tobacco [Beverage Department]; or (2) he would obtain approval.
In August 1986, the Beverage Department officially notified the appellants that the employment agreement did not comply with its regulations. The appellants confronted the appellee about the problem and he prepared an addendum to the agreement. The parties executed the addendum; however, the Beverage Department still found the agreement unacceptable.
The appellee provided the appellants with yet another amended employment agreement. Shortly thereafter, the appellee repudiated the agreement and demanded that the appellants leave the premises. The appellants vacated the premises and filed suit for rescission only.
After dismissal of the first two complaints, the appellants alleged that restoration of benefits was impracticable because the appellants had spent the money and the appellee had sold the property and could not restore the lease on the beer and wine (2-COP) license. The appellee moved to dismiss the second amended complaint on the basis that the appellants had again failed to state a cause of action for rescission. See Crown Ice Mach. Lease Co. v. Sam Senter Farms, Inc., 174 So.2d 614 (Fla. 2d DCA), cert. denied, 180 So.2d 656 (Fla. 1965). In granting the motion, the court found the appellants' allegation that restoration was impossible "insufficient to excuse [the appellants] of the pleading requirement in a rescission action."
Courts of equity will rescind an instrument based upon fraud, accident or mistake. See Savage v. Horne, 31 So.2d 477 (Fla. 1947); Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985). This court recently addressed the issue of rescission based upon fraud in Bush v. Palm Beach Imports, Inc., 610 So.2d 68 (Fla. 4th DCA 1992). Bush restated the well-settled law in Florida that a condition precedent to rescission is that the other party be returned to his status quo. Generally, a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement status.
The general rule is subject to an exception when the inability of one party to restore is caused by the very fraud perpetrated by the other party. Mulle v. Scheiler, 484 So.2d 47 (Fla. 5th DCA), rev. denied, 492 So.2d 1334 (Fla. 1986). In this situation, the defrauded person is excused from restoration if the inability to restore is caused by the wrongdoer's conduct. Id. at 48.
In their brief, the appellants rely on Braman Dodge, Inc. v. Smith, 515 So.2d 1053 (Fla. 3d DCA 1987), in which the third district held that an agreement can be rescinded based upon mutual mistake even if the pre-agreement status quo cannot be restored as long as the equities between the parties can be balanced. While that outcome would appear reasonable here, this court specifically distinguished Braman in Bush and limited the balancing of equities remedy to cases involving mutual mistake.
*1148 In the instant case, similar to Bush, the appellants seek rescission based upon fraud and misrepresentation. However, the appellants do not and apparently cannot rely on the appellee's fraudulent actions to prevent restoration. The appellants merely asserted that they had spent the money. Although this may be true, it is not caused by the alleged fraud and therefore fails to fall within the recognized exception.
Because the trial court's order is in line with the law in this jurisdiction, the order is affirmed.
GUNTHER and FARMER, JJ., and MAY, MELANIE G., Associate Judge, concur.