STONE, Chief Judge.
We affirm a final judgment that rescinds Appellees’ purchase of a condominium apartment unit and orders payment of incidental damages.
In addition to seeking the equitable relief of rescission based on Appellant’s misrepresentations, Appellees-purchasers sued Appellant-developer for fraud based on false representations and failure to disclose known construction defects, including serious structural rust corrosion problems, in the condominium building. The rescission and fraud claims were tried together with a jury. The trial court entered a directed verdict on the common law fraud claims, finding deficiencies in proof as to the tort damages. The court proceeded on the rescission claim, and the jury entered a special interrogatory verdict on the rescission issues, upon which the court entered the judgment.
The jury found that Appellant’s intentional and negligent misrepresentations of material facts induced Appellees to purchase the unit, that Appellees were unaware of the falsity of the representations, that Appellant intentionally faded to disclose material facts in order to induce the purchase, and that Appellees were not aware of the undisclosed facts. The jury also determined that Appellees were able to restore Appellant to the status quo existing when the unit was purchased notwithstanding a deterioration in its value during the intervening period, as the loss in value had resulted from the undisclosed facts.
Following the verdict, the trial court held a hearing on the rescission claim and found that Appellees had no adequate remedy at law. The court applied the jury’s findings and determined, inter alia, that Appellees were entitled to incidental damages. The trial court also recognized that Appellant would have been entitled to a set-off for rental value, but declined to enter such an award due to lack of credible evidence.
Appellant contends that Appel-lees’ rescission claim must fail because Ap-pellees had an adequate remedy at law. It is undisputed that the absence of a remedy at law is a required element of the rescission action. Nevertheless, that there is a related cause of action at law does not, alone, preclude maintaining a rescission claim. See e.g. Billian v. Mobil Corp., 710 So.2d 984 (Fla. 4th DCA 1998). In Billi-an, this court recognized that an action in rescission was properly maintained in tandem with a claim for non-disclosure of material defects in the sale of a dwelling under Johnson v. Davis, 480 So.2d 625 (Fla.1985). We further recognized that a trial court’s discretion to grant rescission for fraudulent concealment is not trumped simply by an adverse verdict on the companion issue at law, provided that the plaintiffs theory of relief is not in conflict with the jury’s findings. Here, no such conflict exists; there is no adverse fact *362 finding, and the record reflects incidental damages (different from the failure of proof on the tort claim) as a result of Appellant’s failure to disclose. In Billian, we also recognized that rescission is available for a grantor’s fraudulent failure to disclose and intentional concealment of fact material to the transaction, regardless of whether the plaintiff is able to prove the impact of non-disclosure on the property’s value.
We find no error in the trial court’s conclusion that the “restoration” element of rescission is met notwithstanding ongoing deterioration of the building. In Bass v. Farish, 616 So.2d 1146, 1147 (Fla. 4th DCA 1993), this court held that it is:
well-settled law in Florida that a condition precedent to rescission is that the other party be returned to his status quo. Generally, a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement status.
The general rule is subject to an exception when the inability of one party to restore is caused by the very fraud perpetrated by the other party. In this situation, the defrauded person is excused from restoration if the inability to restore is caused by the wrongdoer’s conduct, [citations omitted]
Here, the jury concluded that the subsequent deterioration was caused by matters not disclosed or that were misrepresented by Appellant. See Mulle v. Scheiler, 484 So.2d 47, 48 (Fla. 5th DCA 1986), cited in Bass.
Appellant also raises additional issues regarding objectionable comments made in final argument and in questioning a witness. However, no objection was raised below, and Appellant has not demonstrated that these comments rise to the level of prejudice that would permit our considering them as fundamental error. See O'Brien v. Florida Birth-Related Neurological Injury Compensation Ass’n, 710 So.2d 51 (Fla. 4th DCA 1998). Appellant also did not preserve issues raised as to claims of inconsistency in the jury’s verdict as to damage issues. In any event, the evidence may be reasonably interpreted as consistent with the jury’s findings.
We also find no abuse of discretion in the court’s rejecting Appellant’s request to read an additional excerpt from an expert witness deposition as a “redirect” examination in the testimony presented by deposition. The testimony of the expert, an engineer, was initially presented to the court by Appellant’s reading of selected deposition excerpts. In response, Appellees read a portion of the deposition that included a reference to a letter written by the witness that was already an exhibit in evidence but which had not been mentioned in the excerpts earlier presented by Appellant. The letter, written well before the purchase of the apartment, warned Appellant of construction defects. Appellant sought to read the additional excerpt to clarify what reaction the engineer had expected would result upon receipt of the letter. The basis for the objection was that there is no right to a “redirect” in reading deposition excerpts. Although the trial court had the discretion to permit such additional reading under these circumstances, both parties had equal opportunity to present evidence from the deposition. We do not deem the court’s ruling an abuse of discretion. We have considered Kaminsky v. Travelers Indemnity Co., 474 So.2d 287 (Fla. 3d DCA 1985), but deem it inapposite. See also § 59.041, Fla. Stat. (1997).
Additionally, we find no reversible error in the court’s failure to give a special instruction on “puffing” as a defense to Appellees’ claims based on fraud. The trial court noted that it had read through the instructions it proposed to give immediately prior to charging the jury and Appellant raised no objection at that time. In any event, the question of puffing would be relevant only as to expressions of opinion by Appellant. Here, however, the jury found as a fact that Appellant willfully *363 failed to disclose the known dangerous and defective conditions, a finding unrelated to any expression of opinion by sales agents.
As to the other issues raised on appeal and cross-appeal, we also affirm.
GROSS, J., and DAKAN, STEPHEN L., Associate Judge, concur.