899 So.2d 344 (2005)
Arthur Thomas WEBB, Appellant,
v.
Nellie Mae KIRKLAND, Tracey Lee Webb, and University Community Hospital, Inc., Appellees.
No. 2D04-1479.
District Court of Appeal of Florida, Second District.
March 16, 2005.
*345 David H. Galloway of David H. Galloway, P.A., Plant City, for Appellant.
Gregory Paules, of North Tampa Law Center of Gregory Paules, P.A., Tampa, for Appellee Nellie Mae Kirkland.
No appearance for Appellees Tracey Lee Webb and University Community Hospital, Inc.
SILBERMAN, Judge.
Arthur Thomas Webb appeals a final judgment that rescinds a deed based on fraud and requires him to quitclaim any *346 remaining interest in the real property to appellee Nellie Mae Kirkland. We reverse the judgment to the extent that it requires Webb to quitclaim any remaining interest in the property to Kirkland and remand for the case to proceed on the foreclosure count of Kirkland's complaint.
This case arises from a transaction involving an agreement for deed. The record is sparse because the trial was not transcribed, but the parties have provided a statement of the evidence. On December 28, 1990, the parties entered into the agreement for deed whereby Kirkland agreed to sell real property to Webb and his son, Tracey Webb,[1] in exchange for the purchase price of $37,500, to be paid in monthly payments of $300, including interest. Upon payment in full, Kirkland was to provide to the Webbs a warranty deed for the property. In 1992 Kirkland had a warranty deed to the property prepared for later recordation. She kept the deed and documents regarding the transaction in a folder at her home. Later, when Webb was at Kirkland's home to make a payment, she acquiesced to his keeping the folder because Webb told her that he would keep it in a safe place. Kirkland, who was seventy-one years old at the time of trial, had a seventh grade education and had known Webb for years.
Webb stopped making payments in 1999. On May 2, 2002, Kirkland's attorney, Gerald Stead, sent a demand letter to Webb for full payment of the remaining principal and accrued interest. Webb testified that he never received the letter and that it was mailed to an address that he claimed was not his address; however, the letter was not returned to Stead as undeliverable. Eight days after Stead sent the demand letter, Webb recorded the warranty deed without Kirkland's permission.
Kirkland subsequently filed suit against Webb. She sought rescission of the warranty deed based on fraud in count one of her complaint, sought damages for fraud in count two, and sought foreclosure of the agreement for deed in count three. The trial court found that Kirkland did not intend a gift of the property to Webb. The trial court rescinded the warranty deed and found that Webb "perpetrated a fraud upon [Kirkland] by his actions of removing the deed from [Kirkland's] possession and thereafter recording the deed approximately three years after stopping all monthly payments to [Kirkland]."
With respect to rescission, "a court of equity will ordinarily rescind or cancel an instrument only for fraud, accident or mistake and not because of the mere want or failure of consideration." Rennolds v. Rennolds, 312 So.2d 538, 541 (Fla. 2d DCA 1975). If there is a failure of consideration, "an action for damages at law is usually considered adequate." Royal v. Parado, 462 So.2d 849, 855 (Fla. 1st DCA 1985). The elements of fraudulent misrepresentation are "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation." Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985).
The facts here are sufficient to support the trial court's granting rescission of the warranty deed on the basis of fraudulent misrepresentation. Webb told Kirkland that he would keep the deed in a safe place, and this induced her to allow him to *347 have possession of the deed. The fact that he stopped making payments and then recorded the warranty deed eight days after Kirkland's attorney sent a demand letter supports the conclusion that Webb convinced Kirkland to give him possession of the deed not so that he could keep it safe, but so that he could record it without making any further payments on his obligation under the agreement for deed. Although the trial court found that Kirkland did not prove a specific amount of monetary damages for fraud on count two, the record establishes that Kirkland was injured by Webb recording the warranty deed when he had not paid his obligation to her.
By rescinding the warranty deed, the trial court placed the parties back in the position that they had been in before Webb recorded the deed without Kirkland's permission. The trial court went further, however, and ordered Webb to quitclaim his interest in the property to Kirkland. As Webb points out, "[t]he law is well settled that a condition precedent to the granting of the remedy of rescission is that the other party be returned to his status quo." Royal, 462 So.2d at 856; see also Bush v. Palm Beach Imports, Inc., 610 So.2d 68, 69 (Fla. 4th DCA 1992).
By requiring Webb to quitclaim his interest to Kirkland, the court has required him to forfeit his rights under the parties' agreement for deed. This requirement goes beyond placing the parties in the position they were in before Webb recorded the warranty deed. The fact that Webb's son chose to quitclaim his interest in the property to Kirkland in order to settle the matter does not mean that Webb's rights under the agreement for deed must be forfeited.
We recognize that there is an exception to the general rule requiring a return to the status quo when restoration to the status quo is made impossible by the conduct of the wrongdoer. See Mulle v. Scheiler, 484 So.2d 47, 48 (Fla. 5th DCA 1986). Here, however, the trial court had the ability to return the parties to the status quo. Rather than require Webb to quitclaim his interest, the court should have allowed Kirkland to proceed with her action to foreclose Webb's interest under the agreement for deed.
In Bowman v. Saltsman, 736 So.2d 144, 146 (Fla. 5th DCA 1999), the court stated that a secured party under an agreement for deed cannot treat a "default as an automatic termination of the buyer's interest." This is because an agreement for deed, "under section 697.01, Florida Statutes, is a mortgage and carries all the burdens thereof including the rules relating to foreclosure and the right of redemption." Id. at 145; see also Kubany v. Woods, 622 So.2d 22, 24 (Fla. 2d DCA 1993) (stating that an "agreement for deed is treated under Florida law as a mortgage and is subject to the same rules of foreclosure").
Thus, we affirm the trial court's order to the extent that it rescinds and cancels the warranty deed, reverse the order to the extent that it requires Webb to quitclaim his remaining interest in the property to Kirkland and precludes Kirkland from foreclosing Webb's interest, and remand for further proceedings on the foreclosure count of Kirkland's complaint. We reject Webb's argument with respect to attorney's fees because Kirkland is entitled to attorney's fees pursuant to the provision in the agreement for deed.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] After the litigation began, Tracey Webb chose to quitclaim his interest in the property to Kirkland to settle the matter.