SAWAYA, J.
 

 Doris Townsend and her husband, Richard Barchard, appeal the final judgment rendered in favor of Harold Morton and his wife, Elizabeth Morton, in a suit filed by Townsend and Barchard seeking, among other remedies, rescission of three deeds executed by Townsend conveying a certain tract of property to Morton and his wife.
 
 [1]
 
 Because the uncontested evidence at trial established Morton tricked Townsend, his mother, into signing a third warranty deed transferring the property in fee simple, we reverse in part the portion of the final judgment denying Townsend’s claim for rescission of that deed. The other portions of the final judgment regarding the first two deeds are affirmed.
 

 We note at the outset that we have thoroughly reviewed the record in this case and believe that a detailed narration of all of the evidence introduced during the bench trial would unnecessarily burden and extend this opinion to a useless length. Therefore, we will only discuss the facts established by the uncontradicted evidence presented and particular findings made by the trial court.
 

 During the times pertinent to these proceedings, Townsend was seventy-four years old and lived on a tract of property she inherited from her father. This property consists of 46.3 acres and was utilized by Townsend as a cattle farm. Townsend was married to Richard Barchard, seventy-eight years of age, who lived with Townsend on the farm. Like Barchard, Townsend has little formal education — she did not attend high school or college. However, she was able to operate the farm and manage the billing. She claims to be in failing health.
 

 Townsend had several children, among them, Harold Morton, who is a licensed real estate broker. Morton’s work in real estate spans sixteen years. Morton grew up on his mother’s farm. Morton’s wife, Elizabeth, has held a real estate license for nineteen years.
 

 On February 9, 2005, Townsend executed the first deed conveying the farm to Morton, reserving a life estate interest in herself. Apparently, there was no written contract of sale and the terms of their oral agreement were disputed at trial. What was not disputed is the fact that Morton paid in full the two mortgages and a line of credit Townsend had on the farm. The total amount of the payment Morton made to satisfy Townsend’s debts was
 
 *867
 
 $137,075.42. As part of the purchase price, Morton also paid Townsend the sum of $9,000 in March 2005. It was also not disputed, as the trial court found, that Morton “did agree to ... reserve a life estate for his mother....” Moreover, the evidence in the record is clear that pursuant to the agreement between Townsend and Morton, Townsend expected and rightfully deserved a life estate in the property, and we find absolutely nothing to suggest that she ever intended or agreed to relinquish that interest.
 

 The first deed was not executed by Barchard because Townsend misrepresented her marital status for a variety of reasons. Despite the fact that Barchard lived on the farm with Townsend, Morton testified that he had not actually known the two were married, although he had suspected it, until after Townsend executed the first deed. At that point, Morton informed Townsend and Barchard that a new deed would have to be executed by both of them in order to correct this problem. Instead of having one corrective deed prepared, however, Morton had the title company prepare a proper corrective deed (the second deed) and he prepared the third, which removed Townsend’s life estate and conveyed the farm to Morton and his wife in fee simple. Although Morton denies preparing the third deed, the trial court found, and the deed on its face clearly shows, that it was prepared by Morton.
 

 At Morton’s insistence, Townsend and Barchard signed the second and third warranty deeds at Nature Coast Title on March 30, 2006. The second warranty deed was recorded on March 31, 2006. The third warranty deed was not recorded and was placed in Morton’s possession. Regarding this third deed, the trial court found that Morton “stated it was drafted as protection when it was discovered that Ms. Townsend misrepresented her marital status” and that “[i]t was only to be recorded if Ms. Townsend predeceased Richard Barchard.” There is absolutely no evidence in the record that Townsend ever intended to convey her life estate interest via the third deed and there is no evidence in the record that she was ever informed that her execution of that third deed did just that.
 

 Townsend subsequently demanded that Morton rescind the sale and cancel the deeds, but he refused. Townsend then instituted the underlying suit. When the trial court rendered the judgment denying her claims, this appeal ensued. We believe that the trial court properly denied rescission of the first and second deeds, but the third deed should have been rescinded.
 

 Rescission is an equitable remedy adopted long ago by the courts, and the continued vitality of cases of ancient vintage that have applied this remedy is a testament to its age.
 
 See, e.g., Smith v. Richards,
 
 38 U.S. (13 Pet.) 26, 36, 10 L.Ed. 42 (1839);
 
 Columbus Hotel Corp. v. Hotel Mgmt. Co.,
 
 116 Fla. 464, 156 So. 893, 897 (1934). Over the many years that the courts have utilized the equitable remedy of rescission, some principles have been firmly established regarding its applicability.
 

 The courts have established that rescission is a proper remedy to relieve a party from obligations and provisions of an instrument procured by fraud, deceit, trickery, or artifice.
 
 Smith; Columbus Hotel.
 
 As the court explained in
 
 Columbus Hotel:
 

 Equity will grant to a complaining party rescission of an agreement procured through fraud, deceit, artifice, or trickery practiced upon him by the opposite party, even after it had been partially executed, in cases where it is made to
 
 *868
 
 appear that the complaining party would not have entered into such agreement, nor changed his position thereby, if it had not been for the influence of such fraud, deceit, artifice, or trickery so practiced upon him.
 

 156 So. at 897;
 
 see Smith,
 
 38 U.S. (13 Pet.) at 36 (“In 1 Maddock’s Chancery, 208, it is thus stated. If, indeed, a man, upon a treaty for any contract, make a false representation, whether knowingly or not, by means of which he puts the party bargaining under a mistake upon the terms of bargain, it is a fraud, and relievable in equity.”);
 
 see also Webb v. Kirkland,
 
 899 So.2d 344, 346-47 (Fla. 2d DCA 2005) (holding that rescission of a warranty deed procured by fraud is appropriate);
 
 Bass v. Farish,
 
 616 So.2d 1146, 1147 (Fla. 4th DCA 1993). The courts also have established that in order to grant rescission of an instrument, the other party must be restored to the position it occupied prior to its execution.
 
 See Webb; Bass; Lang v. Horne,
 
 156 Fla. 605, 23 So.2d 848, 853 (1945).
 

 Townsend claims that the third deed was obtained by fraud and should be rescinded. The elements that must be established to prove a claim of fraud are: “(1) a false statement concerning a material fact; (2) the representor’s knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation.”
 
 Johnson v. Davis,
 
 480 So.2d 625, 627 (Fla.1985);
 
 see also Webb,
 
 899 So.2d at 346;
 
 Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.,
 
 850 So.2d 536, 542 (Fla. 5th DCA 2003);
 
 Lopez-Infante v. Union Cent Life Ins. Co.,
 
 809 So.2d 13, 15 (Fla. 3d DCA 2002).
 

 The evidence in the record, and the trial court’s factual findings, clearly establish that all of the elements of fraud were proven. The first element of fraud, a false statement concerning a material fact, exists where Morton told Townsend and Barchard the reason they had to sign the second and third warranty deeds was to fix their marital status, when the third warranty deed actually conveyed the farm in fee simple to Morton and his wife. The second element, knowledge of the maker that the statement is false, exists in the trial court’s finding that Morton prepared the third warranty deed conveying the property in fee simple. If Morton, a licensed real estate broker for sixteen years, prepared the deed, he certainly knew it contained more than a mere correction of Townsend’s marital status. The third element, an intention that the statement induce reliant actions, is found in Morton’s undisputed testimony that he told Townsend, his mother, to go to the title company and sign the deeds to correct her marital status. The fourth element of fraud is a justifiable reliance on the false statement causing injury. Townsend and Barchard justifiably relied on Morton’s statement that the corrective deeds were necessary to fix their marital status, especially in light of Morton’s relationship to Townsend and his extensive experience in real estate. Townsend and Barchard suffer the injury of losing Townsend’s life estate. Hence, rescission of the third warranty deed is an appropriate remedy here.
 

 Once the deed is rescinded, the parties will be returned to their position after the second deed was executed, where Morton had the remainder interest in the farm and Townsend retained a life estate. This is what the original agreement between the parties required and this is the position each will be returned to after the third deed is rescinded.
 

 In denying rescission as to the third deed, it appears that the trial court was operating under the misapprehension
 
 *869
 
 that the deed was only executed by Barch-ard. This is wrong because the deed clearly shows that it was executed by both Townsend and Barchard. It also appears that the trial court denied rescission based on its finding that the deed was not recorded and its acceptance of Morton’s explanation that the deed’s unrecorded status renders it ineffective. This, too, is wrong. The fact that a deed is unrecorded does not affect the efficacy or validity of the instrument as between the grantor and grantee or those with notice.
 
 Rabinowitz v. Keefer,
 
 100 Fla. 1723, 132 So. 297, 299 (1931);
 
 Black v. Skinner Mfg. Co.,
 
 53 Fla. 1090, 43 So. 919, 921 (1907) (holding that failure to record a deed does not affect the title of the grantee);
 
 Fryer v. Morgan,
 
 714 So.2d 542, 545 (Fla. 3d DCA 1998) (“The law in Florida has always been that an unrecorded deed does not affect its validity as between the parties and their privies.”);
 
 Sweat v. Yates,
 
 463 So.2d 306, 307 (Fla. 1st DCA 1984) (“[A] deed takes effect from the date of delivery, and the recording of a deed is not essential to its validity as between the parties or those taking with notice.... The recording statute has always been primarily intended to protect the rights of bona fide purchasers of property and creditors of property owners, rather than the immediate parties to the conveyance.”);
 
 Fong v. Batton,
 
 214 So.2d 649, 652 (Fla. 3d DCA 1968);
 
 see also
 
 § 695.01(1), Fla. Stat. (2008). Hence, the purpose of recording a deed is to give notice to third parties,
 
 Hensel v. Aurilio,
 
 417 So.2d 1035, 1037 (Fla. 4th DCA 1982), rather than validate an otherwise properly executed instrument between the parties.
 
 Fryer; Sweat; Fong.
 

 Despite Morton’s representations, the third warranty deed does not simply correct the first warranty deed, nor is it insurance against future objections Morton speculates Barchard might make. And despite the trial court’s misapprehension regarding who executed the third deed and its unrecorded status, it is clear that it was executed by both Barchard and Townsend and that it constitutes a new transfer of land in fee simple that eliminates Townsend’s life estate. This is not what Townsend intended or agreed to when she executed the third deed.
 

 Perhaps it is understandable that Morton did what he did, especially in light of his mother’s repeated lies to him about her marital status and the large amount of money he expended to satisfy her debts. Perhaps he really thought his actions were necessary to protect his legitimate interests in the property, and we ascribe no bad motives to Morton beyond his misguided attempt to do that via the third deed. Nevertheless, sufficient evidence exists to rescind and cancel that instrument.
 

 We reverse that part of the judgment denying rescission of the third deed. In all. other respects, the judgment is affirmed.
 

 AFFIRMED in part; REVERSED in part.
 

 LAWSON and COHEN, JJ„ concur.
 

 [1]
 

 . Townsend and Barchard sued Morton and his wife in a multi-count complaint claiming: 1) breach of fiduciary duty; 2) civil conspiracy; 3) fraud; 4) negligent misrepresentation; 5) rescission; 6) constructive trust; and 7) unjust enrichment.